IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02580-BNB

HOWARD J. SMITH,

    Plaintiff,

v.

THE C.D.O.C. EXECUTIVE DIRECTOR JOE ORTIZ,
THE D.O.C. EMPLOYEE CAPTAIN JIMERSON,
THE D.O.C. EMPLOYEE LT. VASQUEZ,
THE EMPLOYEES OF THE MEDICAL STAFF-STERLING FACILITY, and
THE WARDEN OF STERLING CORRECTIONAL FACILITY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff is incarcerated at the Colorado Department of Corrections (DOC) and currently is held at the Fremont Correctional Facility at Cañon City, Colorado. On December 9, 2005, Plaintiff submitted to the Court a Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Plaintiff sets forth seven claims in the Complaint. He asserts that (1) he was attacked and his jaw was broken as a result of prison officials deliberate indifference to his safety; (2) that he was denied immediate medical attention for the injuries he received as a result of the attack; (3) that he was placed in danger of serious physical injury a second time; (4) that Defendants Lt. Vasquez and Captain Jimerson along with other prison officials attempted to cover-up their failure to act on Plaintiff's reports of risk of serious harm by another inmate; (5) that due to Defendants Lt. Vasquez, Captain Jimerson, unknown medical staff, and prison officials' deliberate indifference he has suffered post-traumatic stress disorder, now has a level-three psychological rating, and has been placed under the supervision of mental health personnel; (6) that the wires and bars which were surgically placed on his teeth after his jaw was broken have damaged the enamel on this teeth, and he now must apply to medical for treatment and incur a copay to have the enamel repaired; and (7) that Defendants Joe Ortiz and Sterling Correctional Facility Warden are responsible for the attack by the other inmate and for the resulting injuries.

Plaintiff seeks monetary damages and parole eligibility. Although Plaintiff asserts under "Section F." on Page Seven of the Complaint form that "[he] filed grievances in this matter and pursued them through the available administrative remedies in D.O.C.," he does not state with specificity how he exhausted the administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

2

are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002). Plaintiff is a prisoner confined in a correctional facility and the claims raised in this action relate to prison conditions. Therefore, Plaintiff must exhaust the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211.

Plaintiff also is required to have exhausted all administrative remedies before raising claims in federal court. ***Steele***, 355 F.3d at 1213 n.5 (citing ***Porter v. Nussle***, 534 U.S. 516, 524-25 (2002)). Section 1997e(a) imposes a total exhaustion requirement of remedies on prisoners. ***See Ross v. Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004).

Mr. Smith, therefore, has failed to meet the ***Steele*** requirement. Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of administrative proceedings indicating, how he has exhausted or attempted to exhaust his administrative remedies with respect to all the alleged facts.

As for Defendants Ortiz and Sterling Correctional Facility Warden, personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***,

545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Therefore, the Court will direct Plaintiff to amend the Complaint and assert specifically what Defendants Ortiz and Sterling Correctional Facility Warden did to deprive him of his federal rights.

As for Defendants Employees of the Medical Staff-Sterling Facility, Plaintiff should take note that he may use fictitious names, such as Employees of the Medical Staff if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Smith uses fictitious names he must provide sufficient information about each defendant so that the defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this Order** an Amended Complaint that complies with the directives in the Order and that shows cause why the action should not be dismissed for failure to exhaust the DOC administrative remedy procedure. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Smith, together with a copy of this Order, two copies of a Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Smith submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Smith fails to comply with this Order to the Court's satisfaction within the time allowed the Complaint and the action will be dismissed without further notice.

DATED January 26, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02580-BNB

Howard J. Smith
Prisoner No. 123029
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 1/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk