IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02580-BNB

HOWARD J. SMITH,

      Plaintiff,

v.

THE D.O.C. EMPLOYEE CAPTAIN JIMERSON,
THE D.O.C. EMPLOYEE LT. VASQUEZ, and
THE EMPLOYEES OF THE MEDICAL STAFF-STERLING FACILITY,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 0 2006

GREGORY C. LANGHAM
CLERK

_____

## ORDER DENYING MOTION FOR RECONSIDERATION

      Plaintiff Howard Smith is incarcerated in the Colorado Department of Corrections and currently is housed at the Fremont Correctional Facility in Cañon City, Colorado. On August 21, 2006, Plaintiff filed a *pro se* "Motion for Relief From Judgment and Order Pursuant to Rule 60(b) F.R.C.P." The Court must construe the Motion liberally because Mr. Smith is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Smith's Motion was filed more than ten days after the Court's April 5, 2006, Order and Judgment of Dismissal. Therefore, the Motion properly is filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Smith failed to provide documentation or an explanation of how he had exhausted his medical treatment claim in Grievance No. DR0506-064. In the Motion, Plaintiff contends that the DOC finally answered his step III grievance on May 11, 2006, which he had originally filed on October 24, 2005. Plaintiff also states in the Motion that he has attached documents that clearly show he exhausted his administrative remedies pursuant to DOC guidelines.

The Court notes that in the instant action Plaintiff currently has an appeal pending before the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). Although this Court lacks jurisdiction to grant a Rule 60(b) motion due to the appeal, the Court is free to consider the Motion then either deny the Motion on the merits or notify the Tenth Circuit that the Court would grant the motion upon proper remand. *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

The Court finds that Plaintiff does not state in the Motion that the grievance he is referring to is indeed Grievance No. DR0506-064, which addressed his medical claim. Furthermore, no documents are attached to the Motion. The Court finds no

2

extraordinary circumstances that would justify a consideration to grant Plaintiff's Motion on a proper remand from the Tenth Circuit.  Therefore, the Motion will be denied.  Accordingly, it is

ORDERED that Plaintiff's August 21, 2006, Motion for Relief, filed pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 19 day of ___Sept___, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02580-BNB

Howard J. Smith
Prisoner No. 123029
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _9/20/06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk